## J. W. Friend *v.* Oil Well Supply Company, Appellant.

### [Marked to be reported.]

*Landlord and tenant—Rent—Eviction—Affidavit of defence.*

In an action for rent an affidavit of defence which avers an actual eviction by title paramount, is sufficient.

Where the affidavit discloses a decree against the defendant and plaintiff for a preliminary injunction restraining them from interfering with a portion of the land, and the defendant avers that the decree amounts to an eviction, the court will not enter judgment for want of a sufficient affidavit of defence.

Argued Nov. 7, 1894. Appeal, No. 258, Oct. T., 1894, by defendant, from order of C. P. No. 3, Allegheny Co., May T., 1894, No. 357, making absolute a rule for judgment for want of a sufficient affidavit of defence. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit for rent.

Defendant filed an affidavit of defence in which it was averred: " That on July 1, 1892, the day of the commencement of the term, the Pittsburg, Cincinnati, Chicago and St. Louis Railway Company, by virtue of title paramount to that of the plaintiff, evicted the defendant from said premises, and the said defendant has never used or occupied the same; that there has therefore been a total failure of consideration for the rent reserved in said article of agreement; that on or about May 27, 1892, the Pittsburg, Cincinnati, Chicago and St. Louis Railway Company brought an action in equity in this court at No. 120, August Term, 1892, against said Oil Well Supply Company and said James W. Friend, a copy of the bill being hereto annexed; that such proceedings were had in such action that on the 14th day of June, 1892, an injunction was issued against the said Oil Well Supply Company, and said James W. Friend, a copy of which is hereunto annexed."

The first five paragraphs of the bill, annexed to the affidavit of defence, recite the title of the railway company to a certain right of way upon which, in 1864, was built a wooden viaduct or bridge for the purposes of its traffic, and also recite

the right of the railway company to enter and make repairs.
The fifth paragraph of the bill sets forth the necessity of replac-
ing this wooden bridge with a steel structure.   The sixth par-
agraph of the bill sets forth " that there are certain structures
upon the ground under said bridge, to wit: sheds and water
tanks, and certain of the rest of said ground is occupied by piles
of pig metal and other materials belonging to the defendants
or some of them, but that all of the structures and property on
the ground have been erected or placed there since the acqui-
sition of the plaintiff's rights," and further sets forth that the
defendants were refusing to allow the railway company to make
the repairs.   The seventh paragraph avers that it would require
about two months to replace the old bridge with the new one,
and that it was absolutely necessary to protect the travel on
the road that the railway company should enter on their right
of way and sustain the old and new structure.

The decree referred to in the affidavit of defence was as fol-
lows:

"Whereas, on the 27th day of May, A. D. 1892, a bill in
equity was filed in our Court of Common Pleas, No. 3, for the
county of Allegheny, against you at the suit of the Pittsburg,
Cincinnati, Chicago and St. Louis Railway Company.

"And whereas, on June 11th, 1892, the cause aforesaid came
on to be heard upon a motion for a preliminary injunction, and
was argued by counsel, whereupon it was ordered, adjudged
and decreed that a preliminary injunction do issue forthwith,
restraining and enjoining the said defendants, their servants,
agents and employees from interfering with or molesting the
plaintiff, its contractor or their servants or employees, from
entering upon the property under said viaduct, and occupying
so much thereof as may be necessary during the reconstruction
of said bridge and from temporarily removing or transferring to
any adjacent ground so much of any structure or materials
upon said ground as may be necessary, with the proviso, how-
ever, that the plaintiff shall not before the first day of July,
1892, do anything upon the ground which shall stop or seri-
ously interfere with the operation of the defendant's mill.

"And it is ordered, that the said complainant file a bond in
the sum of ten thousand dollars, with sureties to be approved
by the court.

" Now, therefore, we command you, the Oil Well Supply Company and J. W. Friend (the bond above referred to having been duly approved and filed), that you desist, and that you cause your agents, servants and employees to desist from inter fering with or molesting the plaintiff, or its contractor, or their servants or employees from entering upon the property under said viaduct and occupying so much thereof as may be necessary during the reconstruction of said bridge, and from temporarily removing or transferring to any adjacent ground so much of any structures, or materials upon said grounds as may be necessary ; with the proviso, however, that the plaintiff shall not before the first day of July, 1892, do anything upon the grounds which shall stop or seriously interfere with the operation of the defendant's mill, until the further order of the court, and this as you shall answer the contrary at your peril."

The court made absolute a rule for judgment for want of a sufficient affidavit of defence.

*Error assigned* was above order.

*James C. Boyce* and *M. A. Woodward*, for appellant.—An eviction by paramount title determines the relation of landlord and tenant: R. R. v. Schmoele, 57 Pa. 271 ; Peters v. Grubb, 21 Pa. 455; Workman v. Mifflin, 30 Pa. 362; Bauder v. Fletcher, 11 S. & R. 419 ; Ross v. Dysart, 33 Pa. 452 ; Taylor on Landlord and Tenant, 8th ed. §§ 284, 377.

*Edwin W. Smith*, *P. C. Knox* and *James H. Reed* with him, for appellee.—Where a continuous and apparent easement or servitude is imposed upon the land, a purchaser, in the absence of an express reservation or agreement on the subject, takes the property subject to the easement or servitude : Cannon v. Boyd, 73 Pa. 179 ; Geible v. Smith, 146 Pa. 276 ; Ormsby v. Pinkerton, 159 Pa. 458 ; Eby v. Elder, 122 Pa. 342.

There is no eviction in this case.   The landlord did nothing. The railway merely entered upon its own right of way, under a title which had accrued long before the making of the lease, and of which title defendant company was charged with notice: Wood's L. & T. § 447.

The right to repair is incident to a right of way : Washburn on Easements, 411.

We cannot tell from the affidavit of defence to whom the sheds and piles of metal on the right of way belonged. The defendant should have disclosed this fact of ownership. If, however, we take the case upon the basis that they belonged to the lessor and were covered by the lease, there can be no presumption that the right to have them on the right of way was more than a mere license. Even in that case their removal would not be an eviction; would not be a defence to the payment of the rent: McLarren v. Spalding, 2 Cal. 510.

OPINION BY MR. JUSTICE GREEN, Jan. 7, 1895:

The defendant's affidavit does allege an actual eviction from the leased premises by title paramount to that of the plaintiff, and that the defendant has never used or occupied the same, and therefore, that there has been a total failure of consideration for the rent reserved. Of course an actual eviction by title paramount to that of the lessor suspends the rent, and we are hardly at liberty to say that when an eviction is alleged positively in an affidavit of defence we can, or will, treat the averment as the mere assertion of a conclusion of law.

The affidavit also discloses a decree against the defendant and the plaintiff, for a preliminary injunction restraining them from interfering with or molesting the railroad company or its contractor, or agents and employees, in entering upon and occupying so much of the premises under the viaduct as may be necessary for use during the reconstruction of the bridge, and from removing and transferring to any adjacent ground so much of any structures or materials upon said grounds as may be necessary. Of course it is impossible for a court to judge how much the terms of such an order will interfere with the possession and use of the premises leased, by the defendant, but as the defendant alleges under oath that it amounts to an eviction, we think it is entitled to have the full facts heard and determined by a jury. Upon the development of all the facts on the trial the court can much more intelligently judge whether an eviction has been established, and how to administer justice between the parties.

Judgment reversed and procedendo awarded.